# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CAMIKA HOWARD, as
personal representative of the
ESTATE OF JOICE HOWARD,

        Plaintiff,

                              Case No. 14-12350
     v.                           HON. TERRENCE G. BERG

DEPUTY NICK RAINWATER, et. al.,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO AMEND HER COMPLAINT, (DKT. 36) AND EXTENDING DISCOVERY (DKT. 42)

      Before the Court is Plaintiff Camika Howard's motion, as personal representative of the estate of Joice Howard, to amend her complaint pursuant to Federal Rule of Civil Procedure 15, (Dkt. 36), filed on March 26, 2015. The Court took the motion under advisement on April 21, 2015, and it has now been fully briefed.[1] In addition, on June 25, 2015, Plaintiff filed a motion to extend discovery. (Dkt. 42). For the reasons that follow, Plaintiff's motion to amend her complaint, (Dkt. 36), and her motion to extend discovery, (Dkt. 42), will be **GRANTED**.

## I.  FACTUAL AND PROCEDURAL HISTORY

      On June 19, 2012, Plaintiff decedent Ms. Joice Howard went to Genesys Regional Medical Center in Grand Blanc, Michigan to visit a sick relative along

---

[1] Plaintiff's counsel is reminded that under E.D. of Mich. L.R. 5.1(a)(2), all papers must be double-spaced "except for quoted materials and footnotes." Plaintiff's reply brief is single-spaced and in violation of this Rule.

with her fiancé John Clark and other family members. (Dkt. 1, p. 3). Upon leaving the hospital and walking to their car, the couple noticed that Mr. Clark had locked his keys inside his vehicle. (*Id.*) Clark contacted a hospital security guard for assistance who then called the Grand Blanc Township Police Department. (*Id.* at p. 4). In response to this call for assistance, Defendant Joshua Belanger, a police officer for the Grand Blanc Township Police, arrived at the scene. (*Id.*)

Upon arriving and speaking with Mr. Clark, Officer Belanger conducted a check on Mr. Clark on the Michigan Law Enforcement Information Network ("LEIN") to ensure that Mr. Clark rightfully owned the vehicle. (Dkt. 39). LEIN confirmed that Mr. Clark was the owner and also revealed that he had an outstanding warrant. (*Id.*) The police report notes that as Officer Belanger was waiting for the results from LEIN, Mr. Clark began running away from the scene. (*Id.*) Officer Belanger gave chase, caught up with Mr. Clark, and placed him under arrest. (*Id.*)

Shortly thereafter, at around 8:00 p.m., Ms. Howard provided Officer Belanger with her identification. (*Id.*) Officer Belanger searched Ms. Howard's name on LEIN and placed her under arrest after discovering that she also had an outstanding warrant. (*Id.*) The report then notes that Sergeant Aaron Quinn of the Grand Blanc Township Police arrived to assist and transported Ms. Howard to the Genesee County Jail.[2] (*Id.*) During the arrest, Ms. Howard, who suffered from

---

[2] The police report notes that "Sgt. Aaron Quinn arrived to assist and I informed Ms. Howard she was under arrest at 8:00 PM, handcuffed her, searched her and placed her in the back seat of Sgt.

severe seizures and was wheelchair-bound, requested medical care at the hospital. (Dkt. 36, p. 5). Officer Belanger refused to allow her to seek treatment. (*Id.*) Officer Belanger's report notes that Ms. Howard was lodged at the jail by 9:00 p.m. (Dkt. 39).

Once at the jail, Ms. Howard was medically screened. (Dkt. 36, p. 5). In the course of the next of couple of days, Plaintiff claims that Ms. Howard was not provided with her seizure medication or medical care and as a result suffered numerous seizures and other severe health conditions including internal bleeding and vomiting. (*Id.* at pp. 5-9). After being taken to the hospital by jail personnel, Ms. Howard, now Plaintiff decedent, died on June 22, 2012. (*Id.* at p. 9).

On June 16, 2014, Plaintiff brought this instant suit against numerous defendants, including Officer Belanger. (Dkt. 1). The Court's scheduling order of September 29, 2014, set the discovery cut-off date for June 30, 2015. On March 4, 2015, Plaintiff's counsel took the depositions of Officer Belanger and Sergeant Quinn.[3] (Dkt. 39). Plaintiff subsequently filed this motion to amend her complaint on March 26, 2015. (Dkt. 36). In her amended complaint, Plaintiff seeks to add Sergeant Quinn as an additional defendant for failing to provide adequate medical care and also seeks to expand her claims against Officer Belanger to include improperly accessing Ms. Howard's LEIN information. (*Id.*) The Court took the

---

Aaron Quinn's patrol car…I transported Mr. Clark and Sgt. Aaron Quinn transported Ms. Howard to the Genesee County Jail." (*Id.*)
[3] Plaintiff's counsel asserts that these depositions were requested in December 2014. (Dkt. 38).

motion under advisement on April 21, 2015.  On June 25, 2015, Plaintiff filed an unopposed motion to extend discovery until September 30, 2015.  (Dkt. 42).

## II. ANALYSIS

### A. Standard of Review

Under Federal Rule of Civil Procedure 15(a)(2), a party who can no longer amend its complaint as of right "may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."

Granting a motion for leave to amend the complaint is a matter "within the discretion of the District Court." *Forman v. Davis*, 371 U.S. 178, 182 (1982).  Though discretionary, "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith…undue prejudice to the opposing party by virtue of allowance of the amendment…the leave sought should, as the rule requires, be 'freely given.'" *Id.*

Further, the Sixth Circuit has emphasized "that the case law in this Circuit manifests liberality in allowing amendments to complaints." *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987) (internal quotation marks omitted).  This is because the "thrust of the provision is to reinforce the principle that cases should be tried on their merits rather than on the technicalities of the pleadings." *Id.* (internal quotation marks omitted).

4

B. Discussion

### 1. Undue Delay

Defendant Officer Belanger asks the Court to deny Plaintiff's motion to amend her complaint on the basis of undue delay. Undue delay in bringing a motion to amend a complaint constitutes grounds for denying the motion. *Forman*, 371 U.S. at 182. Defendant complains that Plaintiff's motion is dilatory because Plaintiff's alleged injury occurred three years ago, and because Plaintiff knew the extent of the officers' involvement in the incident at the time she brought her complaint since this information was contained in the police report.

The Court notes that the case is still in its early stages. Though Plaintiff filed her complaint over a year ago, discovery has not yet closed and no dispositive motions have been filed. Further, Plaintiff filed this motion on March 26, 2015, over three months before the end-of-discovery deadline of June 30, 2015, and long before the dispositive motion cut-off date of August 17, 2015.

In addition, the Court is not convinced that Plaintiff possessed all of the relevant facts at the time she filed her complaint or that she delayed in bringing her motion once she possessed these facts. Plaintiff claims that she did not originally add Sergeant Quinn to her complaint because she did not know the full extent of his involvement until she took the March 2015 depositions of Officer Belanger and Sergeant Quinn — depositions Plaintiff requested as early as December 2014. The Court notes that Officer Belanger's police report sheds little light on the timing of

Sergeant Quinn's arrival or on his role in Ms. Howard's arrest. The report only states that Sergeant Quinn "arrived to assist" in Ms. Howard's arrest and transported her to jail. It does not provide sufficient detail concerning the nature of Sergeant Quinn's involvement so as to allow Plaintiff to fashion a claim regarding his conduct.

There is also no evidence that Plaintiff delayed in bringing this motion. Plaintiff filed this motion on March 26, 2015, promptly after her counsel took the depositions of Officer Belanger and Sergeant Quinn on March 4, 2015. Under these circumstances and in light of the still early stage of the case, the Court finds that Plaintiff's motion to amend is not dilatory.

### 2. Futility

Futility provides additional grounds for denying a motion to amend a complaint. *See Forman*, 371 U.S. at 182. "[A] proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 421 (6th Cir. 2000). If the Court concludes that the amended pleading could not withstand a motion to dismiss, "the court may deny the motion to amend as futile and save the parties and the court the expense of having to confront a claim doomed to failure from its outset." *Spigno v. Precision Pipeline, L.L.C.*, 59 F. Supp. 3d 831, 834 (E.D. Mich. 2014).

A Rule 12(b)(6) motion tests whether a legally sufficient claim has been pleaded in a complaint, and provides for dismissal when a plaintiff fails to state a

claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when a plaintiff pleads factual content that permits a court to reasonably infer that the defendant is liable for the alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). When assessing whether a plaintiff has set forth a "plausible" claim, the district court must accept all of the complaint's factual allegations as true. *See Ziegler v IBP Hog Mkt., Inc.*, 249 F.3d 509, 512 (6th Cir. 2001). A plaintiff must provide "more than labels and conclusions," or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 556. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

    a. **Plaintiff's Eighth Amendment Claims for Delay in Medical Treatment**

Defendant argues that Plaintiff's proposed amended complaint fails to state an Eighth Amendment delay in medical treatment claim against both Officer Belanger and Sergeant Quinn. To state a claim under the Eighth Amendment for delay in medical care, "a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Pre-trial

detainees have a right under the Fourteenth Amendment to adequate medical treatment, a right that is analogous to the right of prisoners under the Eighth Amendment." *Estate of Carter v. City of Detroit*, 408 F.3d 305, 311 (6th Cir. 2005).

"There are two parts to the claim, one objective, one subjective. For the objective component, the detainee must demonstrate the existence of a sufficiently serious medical need." *Id.* at 311 (internal quotation marks omitted) (citing *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004). To satisfy the subjective component "the detainee must demonstrate that the defendant possessed a sufficiently culpable state of mind in denying medical care." *Id.*

Accepting Plaintiff's alleged facts as true, as the Court must do at this stage, the Court finds that Plaintiff has pled sufficient facts such that her Eighth Amendment claims against the officers are not futile. According to the amended complaint, at the time of Ms. Howard's arrest in the Genesys Hospital parking lot, she suffered from severe seizure disorder and was wheelchair-bound. Plaintiff claims that Ms. Howard and her relatives informed Officer Belanger and Sergeant Quinn that she suffered from severe seizure disorder, and that she needed her seizure medication and medical attention. According to the Complaint, despite being informed of Ms. Howard's condition, the officers refused to allow Ms. Howard to seek medical attention at the hospital a few feet away. Thus, accepting Plaintiff's factual contentions as true, the Court finds that her Eighth Amendment claims against the officers are not futile.

### b. Plaintiff's Fourth Amendment Claims

In her Amended Complaint, Plaintiff alleges that Officer Belanger violated the Fourth Amendment when he improperly ran a LIEN check on Ms. Howard. She claims that the LEIN check was improper because Ms. Howard did not interfere with Officer Belanger's arrest of Mr. Clark, her fiancé, or "do anything that would invoke the ability to access the LEINS information." In essence, Plaintiff appears to allege that Officer Belanger conducted an improper investigatory *Terry* stop.

"Under certain circumstances, a police officer may approach and temporarily detain a person for the purpose of investigating possible criminal behavior even though there is no probable cause to support an arrest." *People v. Jenkins*, 472 Mich. 26, 31 (2005) (citing *Terry v. Ohio*, 392 U.S. 1, 22 (1968)). A brief detention requires that an officer have a "reasonable suspicion" that a crime has taken place, and this inquiry is determined "case by case, on the basis of the analysis of the totality of the facts and circumstances." *Id.* at 32.

Here, where the Plaintiff's allegations must be accepted as true, the Court cannot conclude that the facts alleged in the Amended Complaint are so deficient that her claim is futile. According to Plaintiff, Ms. Howard was wheel-chair bound at the time of the arrest and did not obstruct the officer in his arrest of her fiancé or engage in suspicious behavior of any kind. Furthermore, Officer Belanger arrived at the scene not to investigate a crime, but rather to provide assistance to two citizens who were accidentally locked out of their automobile. If reasonable

9

suspicion was necessary to justify a temporary stop of Ms. Howard to run her LEIN check, and Plaintiff's claim is that the facts did not provide such a basis of reasonable suspicion, the Court cannot conclude at this time that Plaintiff's Fourth Amendment claim is futile.[4]

### III. CONCLUSION

For the reasons explained above, Plaintiff's motion to amend her complaint **IS GRANTED** in full.  In light of the discovery deadline of June 30, 2015, the Court extends the discovery deadline to **September 30, 2015** and the dispositive motion deadline to **November 17, 2015**.  The final pretrial conference is adjourned to **March 14, 2016 at 2:00 p.m.**, and the jury trial is reset for **March 21, 2016 at 9:00 a.m.**.  Accordingly, Plaintiff's unopposed motion to extend discovery, (Dkt. 42), **IS GRANTED**.

**SO ORDERED.**

Dated:  June 30, 2015                              s/Terrence G. Berg
                                                   TERRENCE G. BERG
                                                   UNITED STATES DISTRICT JUDGE

### Certificate of Service

I hereby certify that this Order was electronically submitted on June 30, 2015, using the CM/ECF system, which will send notification to all parties.

                                                   s/A. Chubb
                                                   Case Manager

---

[4] Apart from finding that Plaintiff's claim is not futile the Court takes no position on the ultimate validity of this claim.